UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LORETTA M. o/b/o Greg M.                                            PLAINTIFF

v.                                        CIVIL ACTION NO. 3:21-CV-186

KILOLO KIJAKAZI,                                          DEFENDANT
Acting Commissioner of Social Security[1]

## OPINION AND ORDER

This matter is before the Court for review of Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (DN 33). The Acting Commissioner of Social Security (the "Commissioner") does not object to awarding fees. DN 43, Response to Fee Petition, at PageID# 827. The parties also agree on the amount of fees that are authorized here: 25% of the past-due benefits amount. In this case, the past-due benefits amount to "$38,183.00, 25% of which is $9,545.75." *Id.* The only issue here is the amount to be paid to Plaintiff's counsel given a prior fee award.

The Commissioner states that while she withheld the $9,545.75 for fee payments, "she has [already] paid a fee of $7,200 to the attorney who represented the claimant before the agency pursuant to 42 U.S.C. § 406(a)." DN 34 at PageID# 828. The Commissioner asserts that, as a result of the § 406(a) payment, she has only $2,345.75 in funds that she can pay out under § 406(b). *Id.* at PageID# 828. In other words, the Commissioner withheld a single pool of funds out of which to pay attorney fees under both §§ 406(a) and 406(b) – creating, in this action, a shortage of

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

withheld benefits for direct fee payments. Plaintiff did not file a reply brief or otherwise contest the Commissioner's assertion that only $2,345.75 can be paid directly as a § 406(b) fee award.

The United States Supreme Court has recognized that the Commissioner's practice of creating a single pool of money that is capped at 25% of past due benefits for the payment of both § 406(a) and § 406(b) fee awards results in shortages such as the one created here. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Yet, the Court also found that such a "shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Id.* Thus, the collection of § 406 fees beyond the 25% of past-due benefits withheld by the Commissioner is generally a matter between attorneys and their clients. *Id.; accord Booth v. Comm'r of Soc. Sec.*, 645 Fed. Appx. 455, 458 (6th Cir. 2016) ("'If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant'" for the remaining balance) (citation omitted).

Accordingly, Plaintiff's motion for an award of attorney fees is **GRANTED in part**. The Court authorizes a direct payment by the Commissioner to Plaintiff's Counsel of attorney's fees in the amount of **$2,345.75**. **IT IS SO ORDERED**.

September 29, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Counsel of Record